## ABRAHAM S. ULLMAN, STATE'S ATTORNEY, EX REL. NELSON HARRIS

*vs.*

## JOSEPH A. WEIBEL

Superior Court       New Haven County       File No. 63197

MEMORANDUM FILED APRIL 20, 1943.

*Nelson Harris,* of New Haven, for the Relator.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Defendant.

INGLIS, J. This information in quo warranto puts in question the right of the defendant to the office of lieutenant

colonel in the State Guard. The contention of the relator is that he is not entitled to that office for three reasons. These are, first, that the defendant had formerly held the same office and had been retired because he had become 64 years of age; second, that he also holds the office of major-commandant in the Second Company of the Governor's Foot Guard; and, third, that since his reappointment as lieutenant colonel he has not again taken an oath of office. The demurrer raises the issue as to whether as a matter of law any of these reasons disqualifies the defendant from holding office.

With respect to the first reason, it is alleged in the information that the defendant having reached the age of 64 on October 11, 1940, while he was a lieutenant colonel in the State Guard, and having requested a discharge, he was by order of the Governor dated April 30, 1941, "relieved from further duty with the Connecticut State Guard" and "placed on the retired list" in his present rank. It is further alleged that on August 15, 1941, the Governor issued the following order: "In accordance with the provisions of Sec. 769, Revision of 1930, Vol. 1, Lieutenant Colonel Joseph A. Weibel Retired list; C. S. G., is transferred to active duty and assigned as Executive Officer, Brigade Staff, Connecticut State Guard." The contention of the relator is that section 769 of the General Statutes, Revision of 1930, does not apply to retired officers of the State Guard but only to retired officers and warrant officers of the National Guard and Naval Militia, and that therefore section 112f of the 1941 Supplement to the General Statutes, which compels the retirement of officers of the State Guard (as well as officers of the National Guard and Naval Militia) at age 64, precludes their being again called into active service.

Section 769 of the General Statutes, Revision of 1930, reads as follows: "Officers on the retired list shall serve thereon without pay; shall be withdrawn from command and from line of promotion and shall continue to be borne on the register of the military forces of the state, and shall be entitled to wear, within the limitations proscribed by the laws and regulations of the United States, the uniform of the rank on which they shall have been retired. They shall, at all times, be subject to the rules and regulations governing the military forces of the state. They may, with their consent, be detailed from the retired list and placed upon active duty at any time when ordered by the governor and, when on such duty, shall be en-

titled to the pay and allowances of officers of a similar grade on the active list."

It is true that the sections of the General Statutes immediately preceding section 769, i.e., sections 767 and 768, have to do with the retirement of only officers of the National Guard and Naval Militia. They provide that such officers under certain conditions may at their request "be retired from active service and placed upon the retired list." That they apply only to officers in the National Guard and Naval Militia of course results from the fact that at the time they and section 769 were adopted in 1923, the National Guard and the Naval Militia were the only active militia units in the State. There was no State Guard.

However, section 769 is a part of chapter 42 of the General Statutes, Revision of 1930, which relates generally to the "Militia." It is therefore not limited in its application to the reserve lists referred to in sections 767 and 768 but must be interpreted as also applying to the reserve list of any other militia unit.

Section 747, which is also a part of this same chapter, as it has been amended by section 212e of the 1939 Supplement to the General Statutes, provides that "the militia shall be divided into four classes as follows: The unorganized militia, the organized militia, the national guard and the naval militia." It also provides: "The organized militia shall consist of such military forces as may be designated by the governor as commander-in-chief, which may hereafter be organized under the provisions of the laws of this state." It is apparent that the State Guard comes within this category and therefore is a part of the militia of the State to which chapter 42 of the General Statutes pertains.

Sections 767 and 768 have themselves been amended at various times, but have now been consolidated in section 112f of the 1941 Supplement to the General Statutes, which section is a substitute for them. Section 769 remains unamended. Section 112f provides that: "When an officer or warrant officer of the national guard, naval militia or *state guard*" shall have complied with certain provisions "he may . . . . be retired from active service and placed upon the retired list. . . . Retirement shall be obligatory for all officers and warrant officers reaching the age of sixty-four years." (Italics added.) In adopting this section the Legislature expressly repealed section

222e of the 1939 Supplement to the General Statutes and section 169c of the 1935 Cumulative Supplement to the General Statutes, which were the successors of sections 767 and 768. It did not expressly repeal section 769. If it had intended that section 112f should operate as a repeal of section 769 it would have said so. There is nothing essentially inconsistent between section 112f and section 769. The proper way to read them together is to place section 112f in the place of sections 767 and 768 as the Legislature intended and read section 769 after section 112f. It will then appear that by section 112f the Legislature has provided for the creation of a retired list of officers of the State Guard as well as a retired list of officers of the National Guard and a retired list of officers of the Naval Militia upon which lists the Adjutant General must place the names of officers who have been retired from active service either upon their request or because they have reached the age of 64. It will then appear that section 769 fixes the status of all officers who are on such retired list whether it be the retired list of the National Guard or of the Naval Militia or of the State Guard. By the terms of section 769 every officer who is on the retired list, whether he was placed thereon because of his own wish or because he had attained age 64, retains his status as an officer of the rank at which he retired and is subject to being called back into active duty by the Governor.

It follows that there is nothing in the fact that this defendant had been placed upon the retired list because he had become 64 years of age which precludes his being recalled to active duty and continuing to hold the office of lieutenant colonel.

As regards the second contention of the relator, i.e., that the offices of major-commandant of the Foot Guard and the office of lieutenant colonel of the State Guard are inconsistent and therefore may not be held by the same individual, it is sufficient to point out that the statute does not so provide. If there is any conflict between the two, arising by reason of the fact that the occupant of both might find himself engaged in the duties of the one when there was urgent need for his services in the other, that may be a factor to be taken into consideration by the Governor in appointing the same man to both offices. It is not a sufficient factor to justify a court in holding that occupancy of one office is legally inconsistent with the holding of the other.

 

The third claim of the relator is that the defendant did not again take the oath of office as lieutenant colonel when he was called back into active service. As has already been indicated, the intent of section 769 is that while an officer is upon the retired list he still remains an officer of the rank at which he retired. His activity as such officer and his pay are suspended but he still retains his status as such an officer for all other purposes. In theory, therefore, when pursuant to that section he is detailed for active duty such a detail is not a new appointment to a new office. It is simply a restoration to activity in the same office which he has continued to occupy. Under such circumstances the Constitution certainly does not require him to take a new oath of office.

For the foregoing reasons the demurrer is sustained.